# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | NO. 68675-5-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| EBRIMA SUSOHOR, | ) | |
| | ) | |
| Appellant. | ) | FILED: November 4, 2013 |
| | ) | |

LEACH, C.J. — Ebrima Susohor appeals his convictions for two counts of second degree rape of a child. He contends that the court's instruction to the jury regarding a third charge of violation of a sexual assault protection order constituted an impermissible comment on the evidence regarding the jury's factual determination of whether Susohor raped his stepdaughter. Assuming, without finding, that the challenged instruction did impermissibly comment on the evidence, the jury received overwhelming, untainted evidence supporting Susohor's conviction. We affirm.

## FACTS

In 2006, Ebrima Susohor married A.R. and moved in with her and her daughter, A.R.C. The child, then nine years old, began to call Susohor "daddy." She suffers from pervasive developmental disease and mild mental retardation.

In late 2008, when A.R.C. was almost 12 years old, Susohor and A.R.'s relationship deteriorated. Susohor moved out of the home. Shortly after this separation, A.R. learned she was pregnant with Susohor's child, and he returned to live with them. Due to complications with her pregnancy, A.R. checked into the hospital for a few days leading up to the birth of her child. During this time, Susohor raped A.R.C. "more than one time" on "more than one night." While she was visiting the hospital, A.R.C. reported these incidents to her mother. A.R. notified police. After A.R.C. described multiple incidents of vaginal, oral, and anal contact with Susohor, police arrested him on suspicion of rape of a child. Several weeks later, a court issued a pretrial sexual assault protection order prohibiting Susohor from contacting A.R.C. directly, indirectly, or through a third party. Despite this order, Susohor sent a signed letter to A.R. that contained a message for A.R.C.

A jury convicted Susohor of two counts of rape of a child in the second degree (counts I and II) and one count of misdemeanor violation of a court order (count III). The jury also found as an aggravating factor for sentencing that A.R.C. was a particularly vulnerable victim. Susohor appeals.

## ANALYSIS

Susohor argues that the trial court improperly commented on the evidence by giving two instructions that referred to a sexual assault victim. We review jury instructions de novo and in the context of the instructions as a whole.[1]

Article IV, section 16 of the Washington State Constitution provides, "Judges shall not charge juries with respect to matters of fact, nor comment thereon, but shall declare the law." This provision prohibits a judge from "conveying to the jury his or her personal attitudes toward the merits of the case" or instructing a jury that "matters of fact have been established as a matter of law."[2] The court's personal feelings on an element of the offense need not be expressly conveyed; it is sufficient if they are merely implied.[3] "Thus, any remark that has the potential effect of suggesting that the jury need not consider an element of an offense could qualify as judicial comment."[4] Because the constitution expressly prohibits any judicial comment on the evidence, a claimed error based upon such a comment involves a manifest constitutional error that may be raised for the first time on appeal.[5]

---

[1] State v. Levy, 156 Wn.2d 709, 721, 132 P.3d 1076 (2006).
[2] State v. Becker, 132 Wn.2d 54, 64, 935 P.2d 1321 (1997).
[3] State v. Jackman, 156 Wn.2d 736, 744, 132 P.3d 136 (2006).
[4] Levy, 156 Wn.2d at 721.
[5] Levy, 156 Wn.2d at 719-20.

Susohor contends that instructions 17 and 18 impermissibly commented on the evidence because they implied that the court believed A.R.C.'s version of events. Both instructions dealt with the elements the State had to prove for the jury to find Susohor guilty of violation of a court order. Instruction 17 read,

> A person commits the crime of violation of a court order when he or she knows of the existence of an order issued for the protection of a sexual assault victim, and knowingly violates: restraint provisions of the order prohibiting contact with a protected party or a provision of the order excluding the person from a residence or school or a provision of the order prohibiting the person from knowingly coming within or remaining within a specified distance of a location.

Instruction 18 listed the elements of violation of a court order as follows:

> To convict the defendant of the crime of violation of a court order as charged in Count III, each of the following elements of the crime must be proved beyond a reasonable doubt:
> (1) That on or about a time intervening between December 2, 2009 and December 9, 2009, there existed an order issued for the protection of a victim of sexual assault applicable to the defendant.

Susohor claims that the use of the term "sexual assault victim" in these instructions told the jury, in regard to counts I and II, that the court believed a sexual assault had occurred, improperly removing the factual issue from the jury's consideration. To support this claim, he cites State v. Jackman,[6] in which our Supreme Court found that jury instructions stating the victims' birth dates was

---

[6] 156 Wn.2d 736, 744, 132 P.3d 136 (2006).

an impermissible judicial comment where the victims' minority was a major issue in the case.

He also relies on State v Becker[7] and State v. Levy[8] In Becker, the court found that jury instructions that referred to a school, "'to-wit: Youth Employment Education Program [YEP] School,'" was an impermissible judicial comment where the State had a burden to prove that the program was, in fact, a school.[9] The court in Levy confronted a similar challenged instruction. On the charge of first degree burglary, the court instructed the jury that in order to convict Levy, it must find that he "entered or remained unlawfully in a building, to-wit: the building of Kenya White" and that in so doing he "was armed with a deadly weapon, to-wit: a .38 revolver or a crowbar."[10] Our Supreme Court rejected these "to-wit" references, finding that the instructions improperly implied that an apartment is a building and a crowbar is a deadly weapon as a matter of law, rather than as a factual inquiry before the jury.[11]

For purposes of this appeal, we assume, without deciding, that the language used in instruction 17, referring to A.R.C. as a sexual assault victim, was an impermissible judicial comment. "Judicial comments are presumed to be

---

[7] 132 Wn.2d 54, 935 P.2d 1321 (1997).
[8] 156 Wn.2d 709, 132 P.3d 1076 (2006).
[9] Becker, 132 Wn.2d at 64.
[10] Levy, 156 Wn.2d at 716.
[11] Levy, 156 Wn.2d at 721-22.

prejudicial, and the burden is on the State to show that the defendant was not prejudiced, unless the record affirmatively shows that no prejudice could have resulted."[12] To do so, the State must demonstrate that "overwhelming untainted evidence" supports the verdict.[13] In State v. Lane,[14] the court clarified application of this rule in the context of judicial comments on the evidence, explaining,

> "[E]ven if the evidence commented upon is undisputed, or 'overwhelming,' a comment by the trial court, in violation of the constitutional injunction, is reversible error unless it is apparent that the remark could not have influenced the jury."[15]

Susohor contends that the State cannot overcome the presumption of prejudice. He argues that the record contains no physical evidence linking him to the crime and that he successfully challenged A.R.C.'s credibility by pointing out her mental deficits and her apparent dislike of him. To the contrary, strong DNA (deoxyribonucleic acid) evidence linked him to the crime. According to the forensic expert, semen found in A.R.C.'s underpants had a 1 in 180 billion chance of being from someone not related to Susohor. During a sexual assault examination immediately after A.R.'s report to the police, A.R.C. provided graphic, detailed description of the events. At trial, A.R.C. testified repeatedly

---

[12] Levy, 156 Wn.2d at 723.
[13] State v. Lane, 125 Wn.2d 825, 839, 889 P.2d 929 (1995) (citing State v. Guloy, 104 Wn.2d 412, 426, 705 P.2d 1182 (1985)).
[14] 125 Wn.2d 825, 889 P.2d 929 (1995)
[15] Lane, 125 Wn.2d at 839 (quoting State v. Bogner, 62 Wn.2d 247, 252, 382 P.2d 254 (1963)).

and consistently about the details of the rapes. Overwhelming, untainted evidence supports each challenged conviction.

CONCLUSION

Assuming the impropriety of challenged instructions, no prejudice resulted because the State presented overwhelming, untainted evidence that Susohor committed the charged sexual assaults on A.R.C. We affirm.

_Leach, C.J._

WE CONCUR:

_Spearman, J._                    _Appelwick, J._